HOLYOKE MACH. CO. v. JOLLY et al.

(Circuit Court, D. Massachusetts. June 23, 1896.)

No. 150.

PATENTS—ANTICIPATION—WATER WHEELS.
    The McCormick patent, No. 265,689, for an improvement in turbine water wheels, consisting in providing the acting face of the buckets with corrugations to better retain the water therein, and in so constructing these corrugations that substantially equal amounts of water will pass through them, is void, because of anticipation and want of invention.

This was a suit in equity by the Holyoke Machine Company against James Jolly and others, for alleged infringement of a patent for an improvement in water wheels.

John L. S. Roberts, for complainant.

George D. Robinson and William H. Chapman, for defendants.

CARPENTER, District Judge. This is a bill in equity to enjoin an alleged infringement of the second claim of letters patent No. 265,689, issued October 10, 1882, to John B. McCormick, for water wheel. The claim is as follows:

"(2) The buckets provided with water-guiding grooves or corrugations on their acting faces, substantially as and for the purpose set forth."

The scope of the invention is stated by the complainant as follows:

"The invention in question relates more particularly to water wheels of the kind commonly known as 'turbine' wheels, in which the axis of rotation is vertical, the water entering at the sides and striking against the face of the buckets, so called, giving the wheel a rotary motion. One of the inventions mentioned in the preamble of the patent in suit consists in providing the acting face of the buckets of a turbine wheel with corrugations in order to enable the water to be better retained thereon, and thereby producing an increased force. Another invention mentioned relates to the construction of these grooves or corrugations by which the water is guided, so that substantially equal amounts of water will pass through them."

Interpreting the patent in this way, I find the claim fully anticipated by letters patent No. 21,578, of September 21, 1858, to Alpha Smith; No. 60,983, of January 1, 1867, to Anthony Wrealsh and William Burns; No. 116,071, of June 20, 1871, to George W. Leonard; and No. 172,140, of January 11, 1876, to John B. McCormick and James L. Brown; and I therefore find that the claim involves no patentable invention.

The bill will be dismissed.